UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN ROZIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22CV22 HEA |
| | ) |
| PAUL BLAIR, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Steven Rozier for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 9, 2015, petitioner was convicted by a jury of second-degree murder, first-degree assault, and two counts of armed criminal action. On August 21, 2015, petitioner pled guilty to unlawful possession of a firearm.

The Circuit Court of St. Louis City sentenced Petitioner to concurrent terms of life imprisonment for second-degree murder, thirty years' imprisonment for armed criminal action with regard as related to the second-degree murder, fifteen years' imprisonment for first-degree assault, fifteen years' imprisonment for armed criminal action as related to the first-degree assault, and seven years' imprisonment for unlawful possession of a firearm.

Petitioner appealed his conviction to the Missouri Court of Appeals, which affirmed his conviction on November 29, 2016.

Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15 on March 20, 2019. The motion court denied relief on March 17, 2020, after having conducted an evidentiary hearing on May 3, 2019. Petitioner appealed, raising only one ground for relief: the motion court erred in denying his Rule 29.15 motion that trial counsel provided ineffective assistance by failing investigate and present his medical records at trial. The Missouri Court of Appeals affirmed the denial of post-conviction relief on April 13, 2021. The mandate issued on May 6, 2021.

Petitioner timely filed the instant petition on January 5, 2022, raising one ground for relief: His trial counsel was ineffective for failing to investigate and present his medical records at trial.

The Court will deny petitioner's petition for writ of habeas corpus for the following reasons.

## Background Facts

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> Around midnight on the day in question, Appellant, traveling with several other people in at least two cars, arrived at Keiner Plaza in downtown St. Louis. The group had been at the homes of a couple of the members of the group, including Kim,1 who was Appellant's girlfriend and the aunt of the

murder victim, Mario, and the mother of the assault victim, Mark. Everyone in the group had been drinking. Appellant, Kim, Mario, and Mark all arrived in Kim's car. While in route, Appellant and Mario got out of Kim's car at a stop light and were arguing. Upon arrival to Keiner Plaza, Appellant and Mario continued to argue and scuffle while friends tried to separate them. Appellant then began to argue with Kim and told her, "I will kill your nephew."

Appellant then left and returned about five minutes later. Appellant reached into his waistband, pulled out a gun, and fired a shot up into the air. Mario tried to grab Appellant's arm, and Appellant got close to Mario and shot him twice in the chest. Mario was on the ground, and Appellant stood over Mario and shot him a third time in the chest and said, "I killed that nigger." Mario's cause of death was gunshot wounds to the chest and abdomen.

After shooting Mario, Appellant then took off running, with Kim, Mark and another member of the group, Albert, chasing after him. Mark testified that Appellant turned and pointed the gun at him. One witness testified that Appellant had the gun pointed "like he wanted to shoot somebody else," and another testified that he thought Appellant "was trying to shoot the gun as he was getting away." Albert testified that he heard another shot as Mark was chasing Appellant. Another bystander testified that the shooter appeared to fire two or three shots at the person who was pursuing him. Mark and Albert caught up to Appellant and wrestled him to the ground. Appellant attempted to fire his gun, but it was apparently jammed. Mark put Appellant in a chokehold, and Albert grabbed the gun and put it in the trunk of one of the cars.

When police officers arrived at the scene, they found Appellant and Mark on the ground fighting, with Mark on top of Appellant. Both men were beaten and intoxicated. Upon separating them, others in the crowd were yelling that Appellant shot someone. Evidence collected from the scene included a .38 caliber revolver with five spent cartridges and one live round.

Appellant testified and claimed self-defense. He claimed he was being beat up, but got away and fired a warning shot into the air. As figures  approached after he fired a shot into the air, he pulled his gun and started firing out of fear of being further beaten or having the individuals advancing on him take his gun and use it to kill him. Six other defense witnesses were called. After hearing all the evidence, the jury found Appellant guilty of murder in the

second degree, assault in the first degree and two counts of armed criminal action. The trial court, having previously found Appellant to be a persistent offender, sentenced Appellant to concurrent terms of life imprisonment for second-degree murder, thirty years imprisonment for the associated count of armed criminal action, fifteen years imprisonment for assault in the first degree, fifteen years imprisonment for the associated count of armed criminal action and seven years imprisonment for unlawful possession of a firearm.

Discussion

In his petition for habeas corpus relief, petitioner asserts the following three grounds for relief: He received ineffective assistance of counsel in violation of his 6th and 14th Amendment rights under the U.S. Constitution and Art. I., Sec. 18(a) Missouri Constitution for counsel's failure to investigate his medical records and present them as evidence at trial, as the medical records would have supported his defense of self-defense since they would have shown/supported his defense by showing that he is blind in his right eye and could not see who was attacking him once his left eye was struck in the fight..

When reviewing a claim on the merits, federal habeas relief can be granted only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see *Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at

the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id*. at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing Bell v. Cone, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Id*. (citing *Bell*, 535 U.S. at 694).

When reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting

a writ if those courts erred 'reasonably.' " *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (cleaned up). This standard is difficult to meet. *Id*. at 357-58.

Ineffective assistance of trial counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Strickland established a two-prong test to determine when counsel's ineffective performance violates the Sixth Amendment. On the first prong, petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687. The second prong requires petitioner to "show that the deficient performance prejudiced the defense." *Id*. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In applying

*Strickland's* two prongs, the Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and that reviewing courts should indulge a strong presumption that counsel's actions fell within the "wide range of professionally competent assistance." *Id*. at 690. "Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). This means that petitioner must do more than "show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (cleaned up). "Rather, he must show that the [Missouri Court of Appeals] applied Strickland to the facts of his case in an objectively unreasonable manner." *Id*. at 699.

The Missouri Court of Appeal's decision is not an unreasonable application of *Strickland* or an unreasonable determination of the facts. The Missouri Court of Appeals reasonably concluded that petitioner was entitled to no relief on his ineffective assistance of counsel claim for failure to demonstrate prejudice.

The Missouri Court of Appeals denied this claim on appeal from the denial of post-conviction relief as follows:

> Movant's claim for ineffective assistance of Trial Counsel relies upon evidence that, if presented, would have bolstered the credibility of his own testimony that he could not see who he was shooting at the time of the offense because he was blind in his right eye and his left eye was swollen shut. However, Movant does not demonstrate how additional evidence of his

blindness in his right eye would have "alter[ed] the entire evidentiary picture[.]" *Strickland*, 466 U.S. at 696.

The motion court found numerous reasons to discount Movant's claim that proof of his right eye blindness would have had a reasonable probability of changing the outcome of the trial. First, the issue of Movant's right eye blindness was raised multiple times at trial. Second, the booking photograph undercut Movant's claim he could not see out of his left eye at the time of the incident. Third, the witness testimony regarding Movant's statement while shooting Victim increased the likelihood that Movant actually did know who he was shooting. Fourth, there was sufficient evidence that Movant's arguments were with Victim, rather than Tucker. Movant does not show how any of these findings are clearly erroneous. Accordingly, the motion court did not clearly err in denying Movant's claim for post-conviction relief. Point denied.

Petitioner argues that trial counsel was ineffective when he failed to obtain his medical records and enter them at trial. An attorney has a duty "to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt." *Eldridge v. Atkins*, 665 F.2d 228, 232 (8th Cir. 1981). Trial counsel's actions relating to Petitioner's medical records were reasonable. Throughout the trial, Petitioner's medical condition of a blind eye was discussed. Further, Petitioner does not state how the medical record would have bolstered his blind eye defense since it was not disputed that Petitioner is blind in his right eye. Petitioner cannot establish prejudice by any actions of counsel. Thus, he fails to satisfy the second prong of the *Strickland* analysis. Having suffered no prejudice, Petitioner's claim is denied.

☐

Moreover, as the Motion Court delineated, Petitioner's booking photograph does not show his left eye swollen shut. Obtaining the medical records for introduction into the record would not have tended to controvert this.

The state court properly concluded that trial counsel had not rendered ineffective assistance.

## Conclusion

Petitioner fails to raise a cognizable claim for relief since he is unable to satisfy the *Strickland* standard of review of his trial counsel's performance. The Petition for habeas relief is denied.

## Certificate of Appealability

When a petitioner is denied a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner may not appeal unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To be entitled to a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. § 2253(c)(2); see *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A showing is substantial when the issues raised are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because petitioner has not met this standard on his claim raised in the petition, the Court will deny a certificate of appealability on all claims.

☐

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Steven Rozier for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is **denied**.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 31st day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE


MALCOLM U. HARRIS, Petitioner, v. PAUL BLAIR, Respondent., No. 4:22 CV 162 RWS, 2025 WL 917220, at *10 (E.D. Mo. Mar. 26, 2025)